UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL V.,[1] <br><br> Plaintiff <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2] <br><br> Defendant. | Case No. 8:20-cv-01352-GJS <br><br> **MEMORANDUM OPINION AND ORDER** |

## I.   PROCEDURAL HISTORY

Plaintiff filed a complaint against the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") seeking review of the Commissioner's denial of Plaintiff's application for Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11, 12] and briefs addressing the disputed issues in the case [Dkt. 16 ("Pltf.'s Br."), Dkt. 17 ("Def.'s Br."), and Dkt. 18 (Pltf.'s Reply).]. The Court has taken the parties' briefing under submission without oral argument. For

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party.

[2] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi, the Acting Commissioner of Social Security, is hereby substituted as the defendant.

the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

## II.    ADMINISTRATIVE DECISION UNDER REVIEW

On January 27, 2017, Plaintiff filed an application for DIB alleging that he became disabled as of February 13, 2013. [Dkt. 13, Administrative Record ("AR") 15, 218-219.] The Commissioner denied his claim initially on April 14, 2017 and upon reconsideration on May 25, 2017. [AR 128-133.] On May 22, 2019, a hearing was held before Administrative Law Judge ("ALJ") Diana Coburn. [AR 68-96.] On July 30, 2019, the ALJ issued a decision denying Plaintiff's claim. [AR 15-32.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 416.920(b)-(g)(1). At step one, the ALJ agreed that Plaintiff has not engaged in substantial gainful activity since February 13, 2013. [AR 17.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: status post head trauma with post-traumatic stress disorder ("PTSD"); depression; anxiety; obesity; and degenerative joint disease of the left wrist status post history of left ulnar osteotomy. [AR 18 (citing 20 C.F.R. § 416.920(c).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 18.]

The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform medium work limited as follows:

> he can frequently handle with his left, non-dominant hand; he is limited to simple, routine tasks; he is limited to simple work-related decisions; he can occasionally manage changes in the work setting; he is limited to occasional decision-making; he can have occasional contact with supervisors and coworkers; and he can have no contact with the general public.

[AR 22.] Applying this RFC, the ALJ found that Plaintiff is unable to perform his

past relevant work but could perform representative occupations such as packer (DOT # 920.587-018, unskilled SVP2) and assembler (DOT # 732.684-018) and, thus, is not disabled.[3] [AR 31-32.]

Plaintiff requested review of the ALJ's decision, and the Appeals Council denied review. [AR 1-9.] This action followed.

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV. DISCUSSION

Plaintiff's sole contention is that the ALJ's RFC failed to correctly reflect the opinions of the two state agency psychological consultants, Paula Kresser, Ph.D., and Heather Hernandez, Ph.D. [Pltf.'s Br. at 5.] The question is whether an inconsistency exists between Drs. Kresser and Hernandez's opinions that Plaintiff retained the ability to perform "simple and 2 step tasks in a low stress environment" and the ALJ's RFC assessment limiting Plaintiff to "simple, routine tasks" and, if so, whether that inconsistency was required to be addressed by the ALJ. As discussed below, the Court agrees with Plaintiff that an inconsistency exists and that the ALJ failed to explain why she rejected Dr. Kresser and Dr. Hernandez's limitation to two-step instruction work.

---

[3] Both positions require Level Two reasoning on the GED scale. *See DOT*, App. C, (4th ed. rev. 1991), available at DOT App'x C, 1991 WL 688702 (GED levels include a score for reasoning ability that is required to perform the job, ranging from Levels 1-6 (low to high)).

3

Dr. Kresser conducted a review of the medical evidence and provided a mental residual functional capacity assessment on April 13, 2017. [AR 103-107.] Dr. Kresser opined that Plaintiff suffered from "cognitive disorders and some personality changes consistent with a traumatic brain injury." [AR 104.] With regard to Plaintiff's mental abilities, Dr. Kresser opined that Plaintiff is "not significantly limited" in his ability to remember locations and work-like procedures or in his ability to understand, remember, and carry out very short and simple instructions. [AR 105.] However, Plaintiff had moderate limitations in his ability to understand, remember, and carry out detailed instructions. Specifically, Dr. Kresser stated that Plaintiff "retains the ability for simple and 2 step tasks in a low stress environment with minimal or superficial interaction with others." [AR 107.] On June 15, 2017, Dr. Hernandez affirmed Dr. Kresser's opinion on reconsideration. [AR 120.]

The ALJ gave "great weight" to both Dr. Kresser and Dr. Hernandez's opinions as consistent with the overall record. [*See* AR 27-28.] However, the ALJ's RFC did not account for Dr. Kresser and Dr. Hernandez's opinion that Plaintiff only retained the ability to perform "simple and 2 step tasks." [AR 22.] Plaintiff contends that the ALJ erred by failing to offer any explanation as to why this limitation was omitted from the RFC.

A claimant's RFC is the most a claimant can still do despite his limitations. *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996) (citing 20 C.F.R. § 416.945(a); SSR 96-8p (an RFC assessment is ordinarily the "maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis," meaning "8 hours a day, for 5 days a week, or an equivalent work schedule")). In assessing a claimant's RFC, the ALJ must consider all of the relevant evidence in the record. *See* 20 C.F.R. § 416.945(a)(2), (3). If a RFC assessment conflicts with an opinion from a medical source, the ALJ "must explain why the opinion was not adopted." SSR 96-8p; *see also Vincent v. Heckler*, 739

4

F.2d 1393, 1394-95 (9th Cir. 1984) (explaining that an ALJ is not required to discuss all the evidence presented, but must explain the rejection of uncontroverted medical evidence, as well as significant probative evidence).

Here, although the ALJ purportedly found Dr. Kresser's and Dr. Hernandez's opinion regarding Plaintiff's mental limitations to be entitled to great weight, the ALJ failed to explain why she did not include the limitation to two-step instruction work in the RFC assessment. *See* SSR 96-8p; *see also Vincent*, 739 F.2d at 1394-95. Instead, she limited Plaintiff to "simple, routine tasks." However, Ninth Circuit law makes clear that these two limitations are not equivalent.

In *Rounds v. Commissioner Social Security Administration*, the ALJ's RFC determination limited the plaintiff to "one to two-step tasks." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1003 (9th Cir. 2015). A vocational expert testified that the plaintiff could perform jobs like a kitchen helper, hand packager, and recycler—all requiring Level Two reasoning on the GED scale ("ability to carry out detailed but uninvolved written oral instructions"). *Id.* at 1002. On appeal, plaintiff argued that the RFC limitation to "one to two-step tasks" matched Level One reasoning ("ability to carry out simple one–or two-step instructions") and, therefore, she could not as a matter of law perform the Level Two jobs identified by the vocational expert. *Id.* at 1103. The Ninth Circuit agreed and found a conflict between the RFC limit to "one and two step tasks" tasks and the vocational expert's selection of Level Two reasoning jobs, given the "close similarity" between the RFC limitation and Level One reasoning. *Id. Rounds* shows that a significant distinction exists between Level One and Level Two reasoning jobs, with Level One jobs typically lining up with the ability to perform one or two step job instructions. In other words, a limitation to one and two–step instruction work is more restrictive than a limitation to simple, routine tasks.

Based on the reasoning in *Rounds* and its progeny, the Court concludes that the ALJ erred with respect to the opinions of Dr. Kresser and Dr. Hernandez. *See*

5

*Jones v. Berryhill*, No. CV 17-07404-AFM, 2018 U.S. Dist. LEXIS 129221, 2018 WL 3689560, at *3 (C.D. Cal. July 31, 2018) (noting critical distinction between a limitation to "simple, routine and repetitive tasks" and a limitation to "one- or two-step instructions"); *Wilson v. Colvin*, No. 16-cv-01971-WHO, 2017 U.S. Dist. LEXIS 70895, 2017 WL 1861839, at *6-*7 (N.D. Cal. May 9, 2017) (collecting cases and finding "significant distinction between limitations to one-to two-step instructions and RFCs allowing performance of simple, repetitive tasks"); *Garcia v. Colvin*, No. CV 16-00652-JEM, 2016 WL 6304626, at *6 (C.D. Cal. Oct. 27, 2016) ("the ALJ's simple, repetitive tasks RFC limitation is consistent with Dr. Deaver's 'simple, routine non-stressful work' opinion [] but plainly inconsistent with his 'easy 1, 2 step directions' limitation which the ALJ decision never mentions. The ALJ necessarily rejected the latter limitation without any explanation as required by Social Security regulations.").

To the extent that the ALJ accepted the opinion that Plaintiff is limited to simple and two-step work, the ALJ's RFC assessment does not account for that limitation. [AR 22.] To the extent that the ALJ *rejected* that portion of state agency consultants' opinions, she erred by failing to provide any reasons for doing so. The Social Security Act tasks the ALJ with determining the credibility of medical testimony and resolving conflicting evidence and ambiguities. *Reddick v. Charter*, 157 F.3d 715, 722 (9th Cir. 1998). An ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). Here, the ALJ did not articulate reasons for rejecting that portion of state agency consultants' opinions, as required by Social Security regulations. SSR 96-8p, at *7, 1996 WL 374184 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted"); *see also Dale v. Colvin*, 823 F.3d 941, 944-46 (9th Cir. 2016).

In response, the Commissioner argues that the state agency psychological

consultants did not opine that Plaintiff is "specifically limited" to the performance of 1 to 2 step tasks. Rather, they opined that Plaintiff retained the ability to perform "simple and 2 step tasks." [AR 107, 122.] Defendant suggests that given that the stated opinions were more akin to the minimum Plaintiff could perform and not a maximum, the ALJ was free to "reasonably interpret" these findings as supportive of a "simple, routine, tasks" RFC. [Def.'s Br. at 2]; *see Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) ("[i]f the evidence 'is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld"). This argument fails for two reasons.

First, the sole job of the "reviewing physicians" is to "read medical evidence in claimants' case files, decide whether or not the claimants' impairments meet or equal the Listings, and determine the claimants' Residual Functional Capacities." *Carolyn A. Kubitschek & Jon C. Dubin*, Social Security Disability Law and Procedure in Federal Court § 2:28 (2021) ("Review Physicians"). As mentioned above, a claimant's RFC is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). Thus, any suggestion that the reviewing physicians RFC assessment stated an opinion about the minimum Plaintiff could do is far from reasonable and contrary to the definition of an RFC.

Second, even if the Court could credit Defendant's argument here, the ALJ was still required to give a reasoned explanation of why she was rejecting the stated opinion of the state agency consultants, despite her apparent acceptance of their opinions. The ALJ gave no reason to disregard Dr. Kresser's and Dr. Hernandez's opinion regarding Plaintiff's ability to perform two-step tasks. The Commissioner's post-hoc attempt to buttress the ALJ's decision is not sufficient.

Accordingly, the Court finds that the ALJ erred with respect to Dr. Kresser's

and Dr. Hernandez's opinion and the Court cannot say that it was harmless given that the vocational expert testified that Plaintiff could perform jobs like packer and assembler—both requiring Level Two reasoning on the GED scale (not Level One reasoning). Accordingly, remand is warranted.

## V. CONCLUSION

The decision of whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* A remand for an immediate award of benefits is appropriate "only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015).

The Court finds that remand is appropriate because the circumstances of this case do not preclude the possibility that further administrative review of the opinions of Drs. Kresser and Hernandez and the VE's testimony could remedy the ALJ's errors. The Court therefore declines to exercise its discretion to remand for an immediate award of benefits. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Dominguez v. Colvin,* 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.").

For all of the foregoing reasons, **IT IS ORDERED** that:

8

(1) the Decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: August 31, 2021

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE